IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LENROY MCLEAN | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv267 |
| WARDEN, FCI BEAUMONT MEDIUM | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Lenroy McLean, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner brings this petition contesting the propriety of a prison disciplinary report number 3459176 charging him with threatening another with bodily harm or any other offense, in violation of Disciplinary Code 203. The disciplinary conviction occurred on January 6, 2021, while petitioner was confined at the Giles W. Dalby Correctional Facility, a private contractor-owned and operated facility which contracts with the BOP.

The Unit Disciplinary Committee reviewed the incident on January 4, 2021, and the matter was referred to the Disciplinary Hearing Officer ("DHO"). Petitioner received written notification of the disciplinary hearing on January 4, 2021. Petitioner did not request any witnesses, but did request a staff representative at the hearing, and his request was granted.

The disciplinary hearing was conducted by the DHO on January 6, 2021. Petitioner was present at the hearing and acknowledged understanding his rights. The DHO ensured petitioner received a copy of the incident report. Petitioner submitted documents in his defense, and the

documents were considered by the DHO.  Petitioner stated during the hearing that he was not guilty and did not threaten anyone.

After considering the evidence presented, the DHO concluded petitioner committed the prohibited act based on the greater weight of the evidence.  Petitioner received the following punishment: forty-five days disciplinary segregation and the disallowance of twenty-seven days of good conduct time.   The disciplinary decision was certified by the BOP's Privatization Management Branch ("PMB"), and the DHO issued his report on January 12, 2021 and provided a copy to petitioner.

Petitioner claims the DHO was employed by the private corporation and was not "staff" under the regulations and not eligible to impose sanctions.  Additionally, petitioner contends the finding of guilt was based on a forged incident report.  Finally, petitioner claims there was not a modicum of evidence with an indicia of reliability to find he threatened the warden.  As part of his relief, petitioner also requests to be reclassified and transferred to a low security facility.

## The Respondent's Motion

The respondent was ordered to show cause why relief should not be granted.  In response, the respondent filed a motion to dismiss or, in the alternative, motion for summary judgment.  The respondent asserts that petitioner did not incur a deprivation of due process.  Additionally, the respondent contends that the evidentiary standard was satisfied.  Accordingly, the respondent contends that petitioner's petition is without merit and should be denied.

## Standard of Review

### Failure to State a Claim

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate when the petitioner has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.

662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Petitioners must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the petitioner. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

*Summary Judgment*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). "Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Commander v. BASF Wyandotte Corp.*, 978 F.2d 924, 927 n.4 (5th Cir. 1992). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(c); *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986);

*Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the

device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v.*

*Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard

against premature truncation of legitimate lawsuits merely because of unskilled presentations."

*Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett*, 615 F.2d 306,

311 (5th Cir. 1980)).

Analysis

*Due Process*

Prisoners charged with rule violations are entitled to certain due process rights under the

Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon

a liberty interest. State-created liberty interests protected by the Due Process Clause are generally

limited to freedom from restraint imposing an atypical and significant hardship on the inmate in

relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293

(1995).

In *Sandin*, the Court adopted a new and different methodology for determining whether a

state has created a protected liberty interest to benefit prison inmates. *Id*. at 2297-2300. Rather

than focusing on the presence or absence of mandatory statutory or regulatory language, [ See, e.g.,

*Hewitt v. Helms*, 459 U.S. 460 (1983).] the Supreme Court determined that the reviewing court

should consider the nature of the challenged state action and whether it involved such a significant

departure from normal prison conditions that the state might have conceivably created a liberty

interest. *Id*. at 2299.

Protected "interests are generally limited to state-created regulations or statutes which affect

the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104

F.3d 765, 767 (5th Cir. 1997). Being placed in disciplinary confinement, losing commissary and

4

property privileges for thirty days, and remaining at the same time earning class are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S. Ct. at 2299. *See also Madison*, 104 F.3d at 768 (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement and do not implicate due process concerns).

The denial of the opportunity for an inmate to reduce his sentence through the accrual of good-time credits does not implicate a constitutionally protected liberty interest. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause."), *cert. denied, Luken v. Johnson,* 116 S. Ct. 1690 (1996); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectible property nor liberty interest in his custody classification . . . ."), *cert. denied*, 488 U.S. 985 (1988). However, this case is distinguishable because it involves the loss of previously earned good conduct time. A federal inmate is assumed to have a statutorily-created liberty interest in good time credits. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000) (assuming without deciding); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (noting a state-created statutory right to good time credit which can be revoked for misconduct).

The due process that an inmate must receive in a disciplinary hearing is: (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the factfinders as to the evidence relied on and the reasons for the disciplinary action taken, and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. *Henson*, 213 F.3d at 898; *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993); *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S. Ct. 2963, 2978-80, 41 L. Ed. 2d 935 (1974).

*a.     Notice*

Petitioner was given notice and a copy of the incident report on January 4, 2021.  The Unit Disciplinary Hearing was not conducted by the DHO until January 6, 2021, two days after written notice was given to petitioner.  Accordingly, petitioner has failed to show a *Wolff* violation regarding receiving written notice of the charges against him at least 24 hours before the hearing.

*b.     Opportunity to Appear and Present Evidence*

Petitioner was advised of his right to appear, to have a staff representative represent him at the hearing, to call witnesses, and to present documentary evidence.  While petitioner did not request witnesses, he did request a staff representative and the representative appeared at the hearing.  Additionally, the record reflects petitioner presented documentary evidence at the hearing. Accordingly, petitioner has failed to show a *Wolff* violation

*c.     Evidentiary Standard and Statement of Factfinders*

Additionally, petitioner complains there was insufficient evidence to support his conviction. Petitioner, however, was provided a copy of the DHO report explaining the specific evidence relied upon in finding petitioner guilty of the charged offense.

In reviewing prison administrative actions, the Court must uphold administrative decisions unless they are arbitrary and capricious.  *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984). Federal Courts will not review a disciplinary hearing officer's factual findings *de novo*, instead the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence."  *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985);  *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986), *cert. denied*, 476 U.S. 1117 (1986).  "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).  "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer."  *Hudson v. Johnson*, 252 F.3d 534, 537 (5th Cir. 2001).  The information provided in a written incident report standing alone can satisfy the "some evidence" standard.  *Id*. at 536-537.  When a procedural safeguard is overlooked, however,

6

there must be a showing of prejudice as a result of the alleged constitutional violation. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993).

In this case, the disciplinary hearing officer considered the charging officer's report and statement, the inmate request form written by petitioner, the investigative case report, as well as petitioner's statement and other exhibits. Additionally, the hearing officer considered petitioner's claim of defense that the statement was not threatening. After consideration of all of the evidence, the hearing officer decided the greater weight of the evidence was against petitioner. As set forth above, information provided in a written incident report standing alone can satisfy the "some evidence" standard; thus, the evidence in this case is unquestionably sufficient to support petitioner's disciplinary conviction. Therefore, petitioner has failed to show a constitutional violation. Accordingly, petitioner's grounds for review are without merit and do not provide a basis for federal habeas corpus relief.

Petitioner's argument that the Disciplinary Hearing Officer was not "staff" under the regulations and not eligible to impose sanctions also is without merit. In accordance with Program Statement 5270.09 § 541.2, the Inmate Disciplinary Program applies to all inmates in the custody of the Bureau of Prisons, including those inmates designated to any prison institution or facility in which persons are held in custody by direction of, or under an agreement with, the Bureau of Prisons. Petitioner's conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *See Green v. Johnson*, 160 F.3d 1029, 1045 (5th Cir. 1998); *United States v. Woods,* 870 F.2d 285, 288 n.3 (5th Cir. 1989). As petitioner was confined at a contract facility at the direction of the BOP at the time of the incident and hearing, petitioner's claim is without merit and should be denied.

Petitioner also requests that the court order respondent to grant him a new security classification and transfer him to a low security institution. Petitioner's claim is without merit. *See Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectible property nor

liberty interest in his custody classification . . . ."), *cert. denied*, 488 U.S. 985 (1988).  Further, inmates have no protected interest in being housed at a particular facility.  *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996).  Thus, petitioner's request for a custody change and transfer fails to state a claim upon which relief may be granted.

Further, petitioner complains that the incident report was forged.  A review of the summary judgment evidence, however, reveals that the report was re-drafted due to errors in the original.  Further, even if the report was forged, in the Fifth Circuit, there is no freestanding malicious prosecution claim.  *Castellono v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).  Thus, petitioner has failed to state a claim upon which relief may be granted.

Finally, to the extent petitioner's claims may be liberally construed as the BOP did not follow prison rules and regulations regarding inmate discipline, the claims are without merit.  Violations of prison rules or regulations are not constitutional violations *per se*.  *See Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989).  Failure to follow institutional rules and regulations, standing alone, does not constitute a violation of petitioner's due process rights.  *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994).  "A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met."  *Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996).  Federal habeas review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state or administrative procedure.  *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).  Accordingly, petitioner's ground for review is without merit and does not provide a basis for federal habeas corpus relief.

## Recommendation

The respondent's motion to dismiss or, in the alternative, motion for summary judgment should be granted.  The petition for writ of habeas corpus should be denied and dismissed.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 15th day of August, 2022.

_____
Zack Hawthorn
United States Magistrate Judge