IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LENROY MCLEAN | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv267 |
| WARDEN, FCI BEAUMONT MEDIUM | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Lenroy McLean, an inmate at the Federal Correctional Complex located in Beaumont, Texas, proceeding *pro se*, brought the above-styled motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Magistrate Judge recommended granting the respondent's motion to dismiss or, in the alternative, motion for summary judgment. After careful *de novo* review of the objections in relation to the pleadings and applicable law, the court overruled petitioner's objections and adopted the report of the magistrate judge. Accordingly, the action was dismissed on September 13, 2022.

Petitioner has filed four motions to alter or amend judgment (Dkt. #s 26, 27, 28, and 29). Additionally, petitioner filed a motion for issuance of subpoenas (Dkt. #30). This memorandum opinion and order considers such motions.

## ANALYSIS

FED. R. CIV. P. 59 provides in pertinent part the following:

**(a)(1) *Grounds for New Trial*.** The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

(A)  after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

  (B)    after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**(2)** *Further Action After a Nonjury Trial*. After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

**(b) Time to File a Motion for a New Trial.** A motion for a new trial must be filed no later than 28 days after the entry of judgment.

**(e) Motion to Alter or Amend Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The court conducted a careful review of all grounds raised by petitioner in his motions, as well as his previous objections, and finds no meritorious ground for review. Petitioner's petition fails to state a claim upon which habeas corpus relief may be granted.

Further, even affording the motion consideration under the more liberal Rule 60(b), the court is of the opinion that the motion fails to set forth a meritorious ground warranting relief. For the reasons set forth above in the Report and the Memorandum Opinion previously entered in this action, petitioner's claims should be denied and dismissed. Therefore, petitioner's motions for reconsideration should be denied. As a result, petitioner's motion for issuance of subpoenas should be denied as moot.

<u>ORDER</u>

For the reasons set forth above, petitioner's motions for reconsideration are without merit. Accordingly, the motions should be denied. It is therefore,

ORDERED that petitioner's motions for reconsideration are DENIED. Additionally, it is

ORDERED that petitioner's motion for issuance of subpoenas is DENIED as moot.

**SIGNED this 22nd day of June, 2023.**

_____
Michael J. Truncale
United States District Judge